DLD-268                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1624
_____

JULIA ANN CALIPO,
                                        Appellant

v.

ERIE COUNTY OFFICE OF CHILDREN & YOUTH SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00014)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 29, 2019
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

Julia Ann Calipo appeals from an order of the United States District Court for the

Western District of Pennsylvania, which dismissed as frivolous her complaint concerning

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

involuntary termination of her parental rights.  We will affirm in part, vacate in part, and remand for further proceedings.

## I.

This lawsuit is related to a Pennsylvania state-court proceeding that resulted in the termination of Calipo's parental rights regarding her daughter, who was referred to in the state-court action as V.R.C.  The Superior Court of Pennsylvania affirmed that ruling, and the Pennsylvania Supreme Court denied Calipo's petition for allowance of appeal. About six months after the Pennsylvania Supreme Court's ruling, Calipo filed pro se in the District Court a document that she titled "Nunc Pro Tunc Allowance of Appeal," which the Court considered as a complaint.  She named the Office of Children and Youth services of Erie County ("OCY") as a "respondent."

The complaint did not set forth any discrete causes of action, but her claims appear to be of three kinds.  First, she alleged that the state-court proceeding was wrongly decided for a number of reasons.  Second, she alleged that various people committed misconduct before and during her termination proceeding, including by submitting fabricated, false, or perjured evidence, and that all the actors named in her complaint conspired to deprive her of her parental rights.  Finally, she included allegations suggesting that her procedural due process rights were violated when she was excluded from hearings and not allowed to speak.  For relief, Calipo requested that the Court "restore full custody and control of minor child V.R.C. age 3, to the Mother J.A.C."

The assigned Magistrate Judge entered a Report and Recommendation, recommending that the complaint be dismissed as frivolous under 28 U.S.C. § 1915(e),

determining that Calipo's claims were barred by the <u>Rooker-Feldman</u> doctrine,[1] <u>Younger</u> abstention principles,[2] and the Eleventh Amendment to the United States Constitution. Calipo filed a motion for reconsideration, which clarified that the state court proceedings had concluded. The Magistrate Judge then entered an order agreeing that the <u>Younger</u> abstention doctrine did not apply but reaffirming the remainder of the Report and Recommendation.

Calipo filed objections to the Report and Recommendation, arguing that her motion for reconsideration was meant to amend her complaint to add as a defendant "Lana Rees in her Official Capacity as Executive Director of Erie County Office of Children and Youth Services," and arguing that the complaint was thus "exempt from the <u>Rooker-Feldman</u> doctrine." The District Court rejected that argument, adopted the Magistrate Judge's recommendation, and dismissed the complaint as frivolous under 28 U.S.C. § 1915(e). Calipo timely appealed.

## II.

We agree that Calipo's complaint is barred in large part by the <u>Rooker</u>-<u>Feldman</u> doctrine. The <u>Rooker</u>-<u>Feldman</u> doctrine is a narrow one that deprives federal courts of subject matter jurisdiction only when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by the [the] state-court's judgments'; (3) those

---

[1] The <u>Rooker-Feldman</u> doctrine refers to principles set forth by the Supreme Court in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1993).

[2] <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 43-44 (1971).

3

judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co., 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

All of these prerequisites are satisfied to the extent that Calipo complains of the loss of her parental rights. Calipo lost her parental rights in state court before filing her federal suit, and her alleged injuries in this regard flow from the state-court judgment. See id. at 166-67. Restoring Calipo's parental rights also would require the District Court to invalidate the state-court's judgment.[3]

Rooker-Feldman's elements, however, are not satisfied to the extent that Calipo raises independent claims regarding due process violations and alleged misconduct in connection with the termination of her parental rights. See B.S. v. Somerset County, 704 F.3d 250, 260 (3d Cir. 2013); Great W. Mining & Mineral Co., 615 F.3d at 171-73. Although her allegations in this regard are not models of clarity, Calipo's complaint can be liberally construed to allege, inter alia, that certain actors conspired to deprive her of due process by submitting fraudulent or misleading evidence and by failing to allow her to participate in the hearing process. The Rooker-Feldman doctrine does not bar those

---

[3] Indeed, Calipo titled her complaint as an "appeal." But the only way she could obtain appellate review of the Pennsylvania Supreme Court's decision was to file a petition for a writ of certiorari with the United States Supreme Court. See Exxon Mobil Corp., 544 U.S. at 291-92; 28 U.S.C. § 1257.

4

claims, as the alleged injuries do not flow from the state-court's judgment. See B.S., 704 F.3d at 260; Great W. Mining & Mineral Co., 615 F.3d at 171-73.

And while immunity doctrines may bar Calipo from receiving relief with regard to a number of people mentioned in her complaint,[4] it is perhaps possible that with amendment she can state a claim upon which relief could be granted. See, e.g., B.S., 704 F.3d at 275-76; see also Phillips v. County of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008) (noting that a court generally should give leave to amend before a dismissal on the merits).

We acknowledge that Calipo's claims are largely conclusory and may suffer from other defects as well. Given the importance of the rights potentially at issue and Calipo's pro se status, however, we believe that further consideration is warranted. Thus, we will vacate the District Court's order of dismissal to the extent that it dismissed Calipo's claims regarding alleged misconduct occurring before the termination of her parental rights and alleged procedural due process violations, and we will remand for the District Court to consider those claims after allowing amendment.

---

[4] As noted, Calipo named only the Erie County Office of Children and Youth Services as a defendant (and then tried to name Rees as a defendant), but she mentioned numerous actors in her complaint, including the state court judge, the attorney who represented her, and OCY caseworkers and supervisors. The state court judge would be absolutely immune from suit for judicial acts in the performance of his duties, see Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009)), and the OCY workers would be absolutely immune for actions "when the employee in question "formulat[ed] and present[ed] . . . recommendations to the court" with respect to a child's custody determination, even if those recommendations [were] made outside the context of a dependency proceeding." B.S., 704 F.3d at 265.

We reiterate that we are affirming the District Court's dismissal of the amended complaint to the extent that Calipo seeks relief from the termination of her parental rights. Calipo is advised that the District Court, as part of this proceeding, cannot restore her parental rights or award her damages based solely on the loss of those rights.

## III.

For these reasons, we will affirm in part and vacate in part the judgment of the District Court and will remand for further proceedings. Calipo's "Motion for Waiver or Stay of Fees and for Amendment of Defendant" is denied.[5]

---

[5] As the Clerk informed Calipo, pursuant to Rule 12(a) of the Federal Rules of Appellate Procedure, "the circuit clerk must docket the appeal under the title of the district-court action." And we do not have discretion to waive the appellate fees.